IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSCOE CHAMBERS, )<br>    ID # 13495-030, )<br>        Plaintiff, )<br>vs. )<br>  )<br>JOSE A. SANTANA, )<br>Chief Designator for BOP, )<br>        Defendant. ) | <br><br><br>No. 3:18-CV-820-D (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Motion to Proceed in Forma Pauperis,* filed April 4, 2018 (doc. 4). Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I.  BACKGROUND**

On February 4, 2018, Roscoe Chambers (Plaintiff), a prisoner incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), filed a civil rights complaint against Jose A. Santana, Chief Designator for the Bureau of Prisons (Defendant). (*See* doc. 3.)[1] He alleges that Defendant retaliated against him for filing complaints against prison staff by placing a management variable on him and assigning him to the Special Management Unit at USP Lewisburg. (*See id*. at 6.) No process has been issued.

**II.  THREE STRIKES**

Because he is a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three or more prisoner civil actions dismissed as frivolous or for failure to state a claim. *See Chambers v. Conard*, No. 4:13-CV-186 (S.D. Iowa May 16, 2013)(dismissing Plaintiff's complaint as frivolous or for failure to state a claim); *Chambers v. Conard*, 547 F. App'x 807 (8th Cir. 2013)(affirming district court's dismissal of Plaintiff's complaint for failure to state a claim)[2]; *Chambers v. Cockrell*, No. 3:16-CV-569 (W.D. Ky. Oct. 13, 2016)(dismissing Plaintiff's action because a private citizen cannot initiate criminal charges)[3]; *Chambers v. Long*, No. 5:16-CV-142 (W.D. Ky. Jan. 25, 2017)(dismissing Plaintiff's action because a private citizen cannot initiate criminal charges).

Under § 1915(g), Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. He must show imminent danger at the time that he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir.1998). To constitute imminent danger, "the threat or prison condition must be real and proximate." *See Rittner*

---

[2] *See Krieg v. Keeney*, 619 F. App'x 387, 389 (5th Cir. 2015) (appellate court's affirmance of district court's dismissal of action as frivolous or for failure to state a claim counts as a strike); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (same).

[3] *See Green v. Revel*, 413 F. App'x 698, 700-01 (5th Cir. 2011) (dismissal of complaint, that sought in part a criminal investigation, counted as a strike, because the plaintiff did not have a constitutional right to have a criminal investigation conducted or a person prosecuted).

2

*v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Valdez v. Bush*, No. 3:08–CV–1481, 2008 WL 4710808 at *1 (N.D. Tex., Oct.24, 2008). "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id*. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id*.

Plaintiff has not alleged facts showing that he is in imminent danger of serious physical injury from a future sexual assault. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be **DENIED**, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[4] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 6th day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account, and the $50 administrative fee will not be deducted. *See id*. Because Plaintiff has not been granted leave to proceed *in forma pauperis*, he must pay the full $400 filing fee.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                 _____
                                                                                 IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE